UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TRACIE RENEE CURRY,**

      **Plaintiff,**                                      Case No. 18-cv-11177

      v.                                                District Judge Thomas L. Ludington

**COMMISSIONER OF**                       Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tracie Renee Curry seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 12) and Defendant's Motion for Summary Judgment (docket no. 15). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **GRANTED**, and that the case be dismissed in its entirety.

## II.    PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income ("SSI") on July 2, 2015, alleging that she has been disabled since March 15, 2014.  (TR 176–79.)  The Social Security Administration initially denied Plaintiff's claims on September 30, 2015.  (TR 57–63.)  On February 7, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Anthony R. Smereka.  (TR 31–56.)

On May 1, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims.  (TR 12–26.)  Plaintiff requested review by the Appeals Council, which was denied on February 28, 2018. (TR 1–3.)  On April 13, 2018, Plaintiff commenced this action for judicial review.  (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 12; docket no. 15.)

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues.  (Docket no. 12, pp. 4–7.)  In addition, the ALJ summarized Plaintiff's medical record (TR 18–24), and Defendant adopted the ALJ's recitation of the facts (docket no. 15, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff did not engage in substantial gainful activity since July 2, 2015, the application date.  (TR 17.)  In addition, the ALJ found that Plaintiff had the following

severe impairments: "degenerative disc disease of the lumbar spine; cervical dystonia with tremor; arthritis of the knees; obstructive sleep apnea; hypertension; depression; personality disorder; and obesity." (*Id.*) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 18.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a), subject to the following non-exertional limitations:

- Plaintiff cannot work with hazards, including work at unprotected heights or around dangerous moving machinery.
- Plaintiff cannot climb ladders, ropes, or scaffolds.
- Plaintiff cannot drive in the course of employment or use foot controls.
- Plaintiff is limited to unskilled work defined as the ability to perform simple, routine, repetitive tasks that need little or no judgment to do simple duties and that maybe learned on the job in a short period of time.

(TR 19–24.) Based on this determination, the ALJ concluded that Plaintiff had the ability to perform past relevant work as a "children's attendant." (TR 25.) During the February 7, 2017 hearing, the Vocational Expert ("VE") classified the children's attendant position as unskilled and light-exertion as generally performed but sedentary-exertion as performed by Plaintiff. (TR 54.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the application date. (TR 25.)

## V.  LAW AND ANALYSIS

### A.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal

standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").  "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

    (1)    Plaintiff was not presently engaged in substantial gainful employment; and

    (2)    Plaintiff suffered from a severe impairment; and

    (3)    the impairment met or was medically equal to a "listed impairment;" or

    (4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

    **C.**    **Analysis**

Plaintiff contends that the ALJ failed to elicit testimony from the VE regarding whether she could perform the requirements of her past work as a children's attendant. (Docket no. 12, pp. 10–12.) In support, Plaintiff contends that "[t]he VE was never asked whether the Plaintiff's non-exertional impairments caused by her depression and personality disorder would effect [*sic*] her ability to perform her past relevant work," which according to Plaintiff required decision making and judgment. (*Id.* at 11–12.)

As described above, the ALJ determined that Plaintiff had the RFC to perform unskilled work, defined as jobs that involve "little or no judgment." (TR 19.) During the February 7, 2017 hearing, Plaintiff testified that between 2011 and 2015 she earned money watching her friend's disabled adult son. (TR 35.) She testified that when performing this job, she mostly sat on the couch while her friend's son watched TV. (TR 38.) She did not prepare meals for him, take him outside, or drive him to appointments. (TR 38–39.) Based on Plaintiff's testimony, the VE categorized this position as a "child attendant or children's attendant, DOT 349.677-018," which is "classified at unskilled, SVP: 2, and light [exertional level]." (TR 54.) The VE went on to testify that Plaintiff performed the position at the sedentary exertional level. (*Id.*)

Plaintiff's argument that any job in childcare requires a high degree of judgment has intuitive appeal. However, the VE concluded (based on Plaintiff's own description of the job) that Plaintiff's past relevant work was "unskilled." *See* 20 C.F.R. § 404.1568 ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."). Because the ALJ determined that Plaintiff had the RFC to perform unskilled work, substantial evidence supports the ALJ's determination that Plaintiff could meet the requirements of her past relevant work as a children's attendant.

## VI.  CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 6, 2019            s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

### **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: June 6, 2019            s/ Leanne Hosking
                                         Case Manager